CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 09, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 7:20-cr-00071 |
| ) | |
| JOSEF HUNTER, ) | |
| ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Senior United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Josef Hunter's pro se motion for early termination of supervised release. ECF No. 6. For the reasons stated below, the court **DENIES without prejudice** Hunter's motion.

Hunter's case is before this court on a transfer of jurisdiction from the United States District Court for the Eastern District of Virginia. ECF No. 1 in United States v. Josef Hunter, No. 7:20-cr-00071-MFU (W.D. Va., jurisdiction transferred Nov. 5, 2020) (hereinafter "the VAWD case"). On June 17, 2010, Hunter, pursuant to a plea agreement, pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Plea Agreement, ECF No. 17 in United States v. Josef Hunter, No. 2:10-cr-00024-HCM-FBS (E.D. Va. filed Feb. 18, 2010) (hereinafter, "the VAED case"). The government agreed to dismiss three other counts related to child pornography. Id. at 5. On December 6, 2010, Hunter was sentenced to a term of 144 months, to be followed by a life term of supervised release. J., ECF No. 30. Hunter was released from custody on July 22, 2020, to begin serving his term of supervised release and has served a little more than five years of the term.

In his motion for early termination, Hunter states that in the 15 years since he was convicted, he has had an opportunity to engage in personal reflection and mental and emotional growth, and to reevaluate his path forward. Mot., ECF No. 6 in the VAWD case. Since being released, he has participated in therapy, maintained full-time employment where he recently received a promotion, is financially stable, has lived at the same residence for five years, owns a vehicle, and has a good credit score. Id.

The court sought input from the United States Probation Officer who supervises Hunter. The officer confirmed that Hunter has stable employment and a stable residence. In addition, Hunter has been fully compliant with all terms and conditions of supervision, makes himself available for supervision whenever required, and is always polite and respectful to the officer. He has maintained his registry with the Virginia State Police and is in full compliance with their restrictions. His home has been regularly examined through unannounced home contacts and there have been no signs of inappropriate activity. He successfully completed court-ordered sex offender treatment on August 13, 2024. The treatment provider indicated that Hunter was always fully cooperative and there were no concerns about releasing him from counseling. His internet-capable electronic devices have been monitored and there have been no signs of inappropriate activity. The probation officer did not object to early termination but recognized that Hunter's life term of supervision was imposed for a very serious and concerning crime.

The court ordered the government to respond to Hunter's motion and it did so, indicating no opposition to the motion. ECF Nos. 7 and 8 in the VAWD case.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases

to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Hunter was convicted of receipt of child pornography. During the investigation of his case, Hunter told law enforcement officers that he had been looking at child pornography for "the past couple of years." He preferred looking at girls between 14 and 17 years of age but did have images of younger girls that he had obtained through mass downloads. Presentence Investigation Report ("PSR"), ECF No. 10 ¶ 14 in the VAWD case. He admitted to having more than 1000 images on his computer and external hard drive and he paid for subscriptions to monthly child pornography websites. Id.

Examination of his laptop computer, a desktop computer, a hard drive from a non-functioning desktop computer, three external hard drives, and 22 CD-Rs and DVDs, revealed hundreds of thousands of images and videos featuring children of all ages being sexually assaulted, including images of very young children being sexually assaulted by adults and being forced to engage in sex with other children. Other images featured very young children forced to engage in bestiality. Id. ¶¶ 15–30. While there was no indication in the PSR that Hunter ever had engaged in contact or production offenses, the sexual exploitation of children is immeasurably harmful not only to the children who are assaulted but to the community and

4

society at large. Accordingly, the nature and circumstances of Hunter's offense weigh heavily against early termination of supervised release.

Regarding his history and characteristics, Hunter graduated from high school and attended the United States Merchant Marine Academy from 1997 through 2001, although he did not graduate. He enlisted in the United States Navy in 2001 and served until he received an "other than honorable discharge" resulting from his conviction for this offense. Id. ¶¶ 61, 62, 65. In his current job, he operates an automatic pallet nailing machine at a pallet manufacturing company and also serves as the company's webmaster, social media coordinator, and administrative assistant, and does corrective and preventative maintenance. Mot., ECF No. 6 at 2 in the VAWD case. As set forth above, Hunter has done well on supervision. The court finds that Hunter's history and characteristics weigh in favor of early termination of supervision.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, having Hunter remain on supervised release will provide benefits to both him and the public. Hunter told law enforcement officers that he began looking at child pornography in 2002 and viewed the images several times per day, every day. After he turned over his electronic devices, CD-Rs, and DVDs to law enforcement as part of their investigation in 2008, he purchased another computer for gaming, but "gave in to temptation" and began viewing child pornography again. He then obtained a second computer for the same purpose. PSR, ECF No. 10 ¶ 39 in the VAWD case. The court recognizes that Hunter has now been in therapy for years to address his compulsion to watch child pornography and that he expresses remorse for his actions and a commitment to refrain from watching the material.

5

Nevertheless, remaining on supervised release for an additional period assures that his computer use will be monitored and he will continue to be held accountable for his conduct, thus increasing the chances of long-term success should his term of supervision be terminated at a later date.

Regarding the established sentencing range for the category of Hunter's offenses, the range for a term of supervised release for his offense was five years to life. As he has barely served the minimum term of supervision, this factor weighs against early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

The court recognizes that Hunter has done very well on supervision and is hopeful for his future but concludes that having him remain on supervised release will protect the public, afford adequate deterrence to criminal conduct, and gives him the best chance at long-term success. Accordingly, the court **DENIES without prejudice** Hunter's motion for early termination of supervised release.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: October 9, 2025

Michael F. Urbanski
Senior United States District Judge